UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| JASON ADAM PUMPKIN SEED, | Civ. 10-5063-KES <br> Cr. 07-50062-KES |
| Petitioner, | |
| vs. | ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner, Jason Adam Pumpkin Seed, moves pro se to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Respondent opposes his motion.

**BACKGROUND**

Pumpkin Seed was charged with one count of aggravated sexual abuse in violation of 18 U.S.C. §§ 2241(a)(1) and 1153 and indicted by a federal grand jury on May 23, 2007. The charge arose after Pumpkin Seed sexually assaulted Heather Red Cloud behind the Carol Red Star residence on the Pine Ridge Indian Reservation. According to Red Cloud, Pumpkin Seed grabbed her from behind, knocked her to the ground, and violently assaulted her. Pumpkin Seed asserted the two were engaged in consensual sexual activity.

Pumpkin Seed was convicted by a jury on February 28, 2008. The Honorable Andrew W. Bogue, United States District Judge, sentenced him to 200 months' imprisonment and lifetime supervised release on May 21, 2008. Pumpkin Seed subsequently appealed to the Eighth Circuit Court of Appeals. He raised three issues: (1) the district court's denial of his motion to dismiss the indictment; (2) the exclusion of evidence under Federal Rule of Evidence 412; and (3) the inclusion of a jury instruction on attempted aggravated sexual abuse. *United States v. Pumpkin Seed*, 572 F.3d 552, 554 (8th Cir. 2009). A panel of the Eighth Circuit affirmed his conviction on July 16, 2009. *Id.* Pumpkin Seed sought rehearing en banc and was denied. On August 4, 2010, Pumpkin Seed filed this motion to vacate, set aside, or correct his sentence. He raises two grounds for relief. First, Pumpkin Seed claims he received ineffective assistance of counsel. He bases this claim on eight separate points. As a second ground for relief, Pumpkin Seed argues that the prosecution violated his due process rights by using false evidence to convict him.

**DISCUSSION**

Under § 2255, a prisoner may move for relief on the grounds that his sentence "was imposed in violation of the Constitution and laws of the United States," when "the court was without jurisdiction to impose such a sentence," or when "the sentence was in excess of the maximum authorized by law, or was otherwise subject to collateral attack." 28 U.S.C. § 2255.

Pumpkin Seed argues his sentence was imposed in violation of the Constitution and laws of the United States.

   I.   **Ineffective Assistance of Counsel**

Pumpkin Seed alleges eight separate instances of ineffective assistance of counsel. Whether his counsel was ineffective is determined by the two-part test set forth in *Strickland v. Washington*. 466 U.S. 668 (1984). Under *Strickland*, Pumpkin Seed must show that his trial counsel's performance was both professionally deficient and that it prejudiced him. *Id.* at 687. Because of the problems inherent in hindsight analysis, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *United States v. Staples,* 410 F.3d 484, 488 (8th Cir. 2005). As a result, decisions involving trial strategy are "virtually unchallengeable." *Link v. Luebbers*, 469 F.3d 1197, 1204 (8th Cir. 2006). To show prejudice, Pumpkin Seed must demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "[I]f an ineffectiveness claim may more easily be disposed of . . . on the ground of lack of sufficient prejudice . . . that course should be followed." *Id.* at 697.

   A.   **Failure to Object to Jury Instructions Omitting Mens Rea Element of Offense**

Pumpkin Seed alleges his attorney failed to object to a "jury instruction that omitted an essential element of the charged offense." Docket

2 at 5. If Pumpkin Seed's contention were true, his counsel's performance would have fallen below "the objective standard of reasonableness outlined in *Strickland*." *See Reagan v. Norris*, 365 F.3d 616, 621-22 (8th Cir. 2004) (concluding trial counsel's failure to object to a first-degree murder instruction that excluded the mens rea element of knowingly constituted ineffective assistance of counsel). But here, the trial court properly instructed the jury on the mens rea element of the aggravated sexual abuse charge at issue. *See* Cr. 07-50062, Docket 107, Final Jury Instructions, No. 8. The instruction given properly lists for the second element of the offense "that the defendant acted knowingly." *Id.* The instruction provides a thorough and complete recitation of the elements of aggravated sexual abuse. Thus, trial counsel's failure to object to the jury instruction was not error.

### B. Failure to Procure a Curative Instruction from the Court.

As a second ground for ineffective assistance of counsel, Pumpkin Seed asserts that his attorney failed to object and prompt a "curative instruction from the trial court." Docket 2 at 6. "The court could have given an appropriate cautionary instruction to the Jury." *Id.* Pumpkin Seed does not allege what curative instruction should have been given or what evidence he believes needed a curative instruction. Vague and conclusory allegations of ineffective assistance of counsel in habeas corpus proceedings do not merit relief. *See United States v. Robinson*, 64 F.3d 403, 405 (8th Cir. 1995)

4

(holding § 2255 movant's allegations of coercion by counsel were too vague and conclusory to warrant relief). Finally, this court could not locate any evidence that should have warranted a curative instruction after reviewing the trial transcript. Accordingly, trial counsel's purported failure to procure a curative instruction was not professionally deficient.

**C.     Failure to Request Instruction on Lesser-Included Offense**

Pumpkin Seed also asserts that his counsel was ineffective in failing to "object to jury instructions or request an instruction for a lesser-included offense." Docket 2 at 6. But Pumpkin Seed's counsel did in fact request an instruction on the lesser-included offense of misdemeanor simple assault. *See* CR 07-50062, Docket 117, Defendant's Objections to the Court's Proposed Jury Instructions. An instruction on misdemeanor simple assault as a lesser-included offense of abusive sexual contact is appropriate where there is some "evidence that the touching was not of a sexual nature." *United States v. Crawford*, 413 F.3d 873, 876 (8th Cir. 2005). The issue is whether Pumpkin Seed's counsel was reasonable in requesting an instruction on misdemeanor simple assault.

In this case, the victim sustained injuries to her back, knee, lip, neck, and elbow. *Pumpkin Seed*, 572 F.3d at 555. There were no vaginal or genital injuries. *Id.* The defense's theory of the case was that consensual activity occurred. Pumpkin Seed testified that he and Red Cloud kissed and embraced behind the home, laying down on the ground. *Id.* He claimed that

5

he unbuttoned his pants and hers, but he did not go any further once she asked him to stop. *Id.* They continued to kiss until Red Cloud saw three boys approaching, became nervous, and yelled stop. According to Pumpkin Seed, Red Cloud claimed rape at this time. *Id.*

Given this evidence and testimony, defense counsel's action in seeking a lesser-included instruction on simple assault was reasonable. If the instruction were given, counsel could argue that the injuries occurred, but that the defendant's intent was not sexual. The trial court denied the requested instruction, but the request was within "a reasonable range of professional conduct" given the defense's theory of the case and the available evidence.

Abusive sexual contact is also a lesser-included offense of aggravated sexual abuse. *United States v. No Neck*, 472 F.3d 1048, 1054 (8th Cir. 2007). But if counsel had sought an instruction on the lesser-included offense of abusive sexual contract pursuant to 18 U.S.C. § 2244(a)(2), it would have undercut the defendant's theory of the case. Moreover, the evidence did not support a claim that the lesser included offense of sexual contact had occurred while the greater offense of aggravated sexual abuse had not. *See Crawford*, 413 F.3d at 876 (holding a lesser-included instruction is not appropriate where there is no "evidence such that the jury may find the defendant innocent of the greater and guilty of the lesser-included offense").

6

Consequently, Pumpkin Seed's counsel's conduct was professionally reasonable.

### D. Failure to Object to Verdict Form

Pumpkin Seed also claims his lawyer failed to object to the single verdict form. The court used a single verdict form because the defendant was charged with a single count of aggravated sexual abuse pursuant to 18 U.S.C. §§ 2241(a)(1) and 1153. See CR 07-50062, Docket 107, 17, Final Jury Instructions at 17. In support of his argument, Pumpkin Seed cites to *Wicks v. Lockhart*, 569 F. Supp. 549 (E.D. Ark. 1983). This case is factually distinct, however. In *Wicks*, the district court found a defense lawyer was ineffective when he failed to object to a single verdict form when the petitioner had been charged with two counts of rape. *Id.* Because Pumpkin Seed was charged with only one count of the offense, the use of a single verdict form was proper. Pumpkin Seed's counsel's conclusion that a single verdict form was appropriate was reasonable.

### E. Failure to Cite Fed. R. Evid. 401 ("Relevant Evidence") in Support of Attempt to Admit Evidence Under Fed. R. Evid. 412 ("Relevance of Alleged Victim's Past Sexual Behavior")

Pumpkin Seed argues his attorney should have argued the application of Federal Rule of Evidence 401 in conjunction with his argument for admitting evidence under Rule 412. Docket 2 at 7. Rule 401 provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the action more probable or less probable

than it would be without the evidence." Rule 412, the federal rape shield rule, limits the admission of evidence offered to prove a victim's past sexual behavior or alleged sexual disposition, even if relevant. *Pumpkin Seed*, 572 F.3d at 557. There are several exceptions to this general prohibition. Evidence of a victim's past sexual behavior may be admitted "to prove that a person other than the accused was the source of semen, injury or other physical evidence." Fed. R. Evid. 412(b)(1)(A). "Evidence the exclusion of which would violate the constitutional rights of the defendant" is also admissible. Fed. R. Evid. 412(b)(1)(C).

Pumpkin Seed's counsel argued, both at trial and on appeal, for the admission of Red Cloud's prior sexual behavior with two different men, one of whom was married, pursuant to Rules 412(b)(1)(A) and (C). *Pumpkin Seed*, 572 F.3d at 557-59. Defense counsel had two theories to support admitting the evidence. First, he argued that Red Cloud's injuries were consistent with consensual intercourse, caused by intercourse with the married man earlier that day. *Id.* at 557. As an alternative, Pumpkin Seed's lawyer argued Red Cloud's sexual relationship with the married man should be admitted under Rule 412(b)(1)(C) because it gave her a motive to fabricate a rape in order to conceal her relationship with the married man. *Id.* Pumpkin Seed contends that exclusion would violate his Fifth and Sixth Amendment rights.

Ultimately, both the district court and the Eighth Circuit Court of Appeals rejected these arguments.

Defense counsel's arguments presumed relevance. The drafters of Rule 412 themselves presumed that evidence of a victim's past sexual behavior could be relevant, but that policy concerns could outweigh the value of admitting it. "When Congress enacted the injury exception to Rule 412 it had to weigh competing interests: On one hand, the defendant's need to introduce relevant evidence; on the other hand, the complainant's interest in not having her sexual history publicly disclosed and society's concomitant interest in having rapes reported and effectively prosecuted." *United States v. Shaw*, 824 F.2d 601, 606 (8th Cir. 1987) (discussing policy behind the source of the injury exception contained in Fed. R. Evid. 412(b)(1)(A)) (abrogated on other grounds). Because argument under Rule 412 presumes that the evidence is relevant to the case, any argument based on Rule 401 would have been superfluous. Defense counsel's performance in seeking the admission of evidence of Red Cloud's prior sexual behavior fell well within the range of reasonable professional conduct.

### F. Failure to Request Competency Hearing for Witness

As an additional ground for his claim of ineffective assistance of counsel, Pumpkin Seed claims his counsel failed to seek a competency hearing for C.C.E., a 15-year-old witness. Pumpkin Seed asserts that "one of

9

the witnesses [C.C.E.] collects social security income due to certified retardation." Docket 2 at 7.

First, Pumpkin Seed's counsel was not professionally deficient in failing to challenge C.C.E.'s testimony. Under the Federal Rules of Evidence, "every person is competent to be a witness" except as otherwise provided by the rules. Fed. R. Evid. 601. To overcome the presumption of competency, the challenging party must demonstrate that the witness does not understand the nature of the oath and does not demonstrate mental capacity sufficient to observe, recollect, and narrate things heard and seen. *Mitchell v. Kemna*, 109 F.3d 494, 496 (8th Cir. 1997) (rejecting § 2254 petitioner's argument that defense counsel's failure to challenge the competency of a mentally ill witness to testify was ineffective assistance of counsel). Furthermore, a child is presumed to be competent to testify. 18 U.S.C. § 3509(c)(2). And "[a] competency examination regarding a child may be conducted only if the court determines, on the record, that compelling reasons exist." *Id.* at § 3509(c)(4).

C.C.E. testified at trial "with the requisite intelligence and mental capacity to understand, recall, and narrate his impression of an occurrence." *United States v. Spotted War Bonnett*, 882 F.2d 1360, 1363 (8th Cir. 1989), *vacated on other grounds*, 497 U.S. 1021 (1990). *See also United States v. Skorniak*, 59 F.3d 750, 755 (8th Cir. 1995) (holding that a defendant's

assertion that witness was incompetent due to his "mental state" did not overcome the presumption of competency), *cert. denied*, 516 U.S. 980 (1995). A review of C.C.E.'s testimony demonstrates that there was no reason to question his ability to observe, recollect, and narrate the things he had observed. He testified about where he lived, who he lived with, and his grade in school. CR 07-50062, Docket 134, Trial Transcript (T.T.) at 36-37. He gave a detailed description of the Wounded Knee housing area, which is the site of the sexul assault. *Id.* at 38-39. During direct examination, he provided a narrative of how he and two friends were walking in the Wounded Knee area and observed Pumpkin Seed on top of Red Cloud. ("I looked closely and I saw Heather's face and Jason at the time") *Id.* at 42; (He attempted to push her back down and she was trying to help herself up") *Id.* at 43. During cross-examination, C.C.E. was able to clarify for the defense what particular pictures depicted and he described in detail the route he and his friends took that night. *Id.* at 47. Thus, Pumpkin Seed's lawyer's decision not to seek a competency hearing was reasonable.

Furthermore, even if defense counsel's failure to seek a competency hearing fell below the standard for reasonable professional assistance, Pumpkin Seed's claim would fail. He cannot demonstrate that he was prejudiced by C.C.E.'s testimony. Two other fifteen-year-old boys who were with C.C.E. testified about what they observed on the night of the sexual

assault. Their testimony was consistent with C.C.E.'s observations. *See* CR. 07-50062, Docket 134, Trial Transcript at 54 ("Looked like the guy was on top of the girl"); *Id.* at 55 ("She kept saying something then while she was pulling her pants up"); *Id.* at 70 ("They were both on the ground as far as I could tell"). Given this testimony and the other evidence presented, Pumpkin Seed cannot demonstrate that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

### G. Failure to Call Viable Witnesses

Pumpkin Seed also alleges that trial counsel "failed to call viable witnesses that could have given viable input as to the source of the alleged victims [sic] superficial wounds." Docket 2 at 8. But as discussed herein, defense counsel fought vigorously to introduce Rule 412 evidence of Red Cloud's prior sexual activity with a married man. The defense posited that this encounter was the source of the non-genital injuries through consensual sex. Defense counsel was very diligent in calling witnesses to defend Pumpkin Seed given that the evidence indicated that Red Cloud had sustained her injuries after exiting the Red Star house about the same time as Pumpkin Seed.

Witness Carol Red Star described Red Cloud right before the rape as "natural" and that her clothes were not "messed up." CR. 07-50062, Docket 134, Trial Transcript at 130. Just twenty-five minutes later, around 10:30

12

p.m., after both Red Cloud and Pumpkin Seed exited the house, Red Star observed Red Cloud run back in the house with her pants unbuttoned, one sandal missing, and in a nearly hysterical state. *Id.* at 130-31. Furthermore, at trial, the United States introduced into evidence the jeans Red Cloud was wearing that night which had a tear in the left knee and grass stains. *Id.* at 108-09. Bethany Berry, the nurse midwife who conducted the sexual assault examination within two hours of Red Cloud's report of rape, described Red Cloud's appearance as follows: "Her hair had grass and debris in her hair, straw like grass. There was dirt on her back of her shirt." *Id.* at 194. Additionally, Berry described an abrasion on Red Cloud's back that measured three by four centimeters and appeared "very recent, like skid scratches." *Id.* at 195. To defend against this evidence, Pumpkin Seed's lawyer diligently pursued a defense that the injuries had been caused by a previous consensual encounter with a third party. He attempted to introduce the only evidence that existed of third-party consensual sexual relations through the exception to Rule 412. Pumpkin Seed offers no other specific witness whom trial counsel failed to call besides "other males" that trial counsel should have pursued. Docket 2 at 8.

In contrast to Pumpkin Seed's claim, trial counsel called several witnesses in Pumpkin Seed's defense to support his testimony that no sexual act ever occurred. Two FBI experts testified that none of the defendant's DNA

was found on any of the evidence collected from the sexual assault examination kit. CR. 07-50062, Docket 134, Trial Transcript at 143-172. Furthermore, defense counsel called the case agent to demonstrate that Red Cloud had given prior inconsistent statements about whether the defendant had ejaculated. *Id.* at 216-17. In addition, defense counsel cross-examined nurse midwife Berry to highlight the fact that Red Cloud had sustained no vaginal or genital injuries despite her description of a violent vaginal rape. *Id.* 200-03. Given the evidence, trial counsel reasonably and diligently called the available witnesses and mounted a vigorous defense for Pumpkin Seed.

### H. Failure to Subject the Prosecution's Case to a Meaningful Adversary Testing Process

Pumpkin Seed's final allegation of ineffective assistance of counsel states his lawyer failed to "subject the prosecution's case to a meaningful adversary testing process" and violated his due process rights. Docket 2 at 9 (citing *United States v. Cronic*, 466 U.S. 648 (1984)). In order to presume prejudice under *Cronic*, the attorney's failure to challenge the prosecution's case must be complete. *Freeman v. Graves*, 317 F.3d 898, 900 (8th Cir. 2003). That is not the case here. In addition to counsel's actions discussed herein, a review of the criminal docket shows that Pumpkin Seed's lawyer filed a number of pretrial motions, sentencing memoranda, and an appeal to the Eighth Circuit. Accordingly, *Cronic* does not apply.

**II.   Use of False Evidence to Convict Pumpkin Seed**

Pumpkin Seed's final ground for relief is the assertion that the prosecution knowingly presented false testimony. Docket 2 at 8. It appears that the testimony Pumpkin Seed is referencing to is Red Cloud's testimony. *Id.* ("Government used inconsistent, irreconcilable theories to secure conviction and knew victim was lying.")

"The prosecution may not use or solicit false evidence or allow it to go uncorrected." *United States v. Martin*, 59 F.3d 767, 770 (8th Cir. 1995). But Pumpkin Seed does not provide any evidence showing Red Cloud's testimony to be false or that the prosecutor knew the testimony was false. *United States v. Goodson*, 165 F.3d 610, 615 (8th Cir. 1999). Rather, the evidence presented at trial supports Red Cloud's testimony.

Red Cloud's testimony was supported by the injuries to her back, knee, lip, neck, and elbow, as well as the state of her clothing following her report of the assault. The three juvenile witnesses all testified consistently with her account. Carol Red Star testified that Red Cloud was nearly hysterical following the rape. The tribal police officer who responded to the assault also described Red Cloud as "upset, crying, and very distraught." CR. 07-50062, Docket 134, Trial Transcript at 33. The mental health counselor and nurse midwife testified that Red Cloud's condition was similar nearly an hour later. *Id.* at 184 (Red Cloud was "laying in a fetal position, sobbing, crying, distraught"); *Id.* at 190 (She was "obviously distraught, crying. She

was curled up in a ball on her side, kind of rocking back and forth"). Given this evidence, there is no basis to support Pumpkin Seed's contention that the prosecution knowingly presented false testimony.

Finally, Pumpkin Seed alleges that the prosecution failed to disclose exculpatory evidence in violation of *United States v. Bagley*, 473 U.S. 667 (1985) (holding that impeachment evidence is exculpatory and requiring the prosecution to disclose it). Respondent asserts that it did disclose to Pumpkin Seed prior to trial Red Cloud's prior false statement to both the nurse midwife and prosecutor that she had not had sexual intercourse within the 72 hours prior to the rape examination. *See* Docket 9-1, Letter to Defense Counsel. "Heather stated she had consensual sex with a married man approximately a day and a half before the sexual assault . . . she had not told me . . . because she did not want to get the married man in trouble." *Id.* As respondent indicates, this information became the basis for the theory of Pumpkin Seed's case and the basis of some of his arguments on direct appeal. *See Pumpkin Seed,* 572 F.3d at 556-558. Thus, Pumpkin Seed's argument that the government failed to disclose this information fails.

III.   **Motion to Proceed In Forma Pauperis**

Pumpkin Seed also moves to proceed in forma pauperis. Docket 10. Because there is no filing fee in an action under 28 U.S.C. § 2255, this motion is denied as moot.

## CONCLUSION

Pumpkin Seed has failed to demonstrate that he received ineffective assistance of counsel. His claim that the government knowingly presented false testimony also fails. Accordingly, it is

ORDERED that Pumpkin Seed's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Docket 1) is denied.

IT IS FURTHER ORDERED that Pumpkin Seed's motion to proceed in forma pauperis (Docket 10) is denied as moot.

Dated November 3, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE